## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| State Farm Fire & Casualty Company, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Kevin Sattele MD d/b/a Rapid Weight Loss and Esthetics Center, Inc., | **(Non-Jury)** |
| Defendants. | |

Plaintiff State Farm Fire & Casualty Company ("State Farm"), by and through its undersigned counsel, complaining of Defendant Rapid Weight Loss and Esthetics Center, Inc. ("Rapid Weight Loss"), respectfully alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. State Farm is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and is duly authorized to do business and write insurance policies in the State of South Carolina.

2. Upon information and belief, Kevin Sattele MD does business as Rapid Weight Loss, which is an esthetics center organized and existing under the laws of the State of South Carolina, with its principal place of business in the State of South Carolina.

3. The claims at issue in this case arise out of incidents that occurred in South Carolina. This case involves the interpretation of an insurance policy entered in South Carolina and that insures interests in South Carolina.

4. Jurisdiction exists because there is complete diversity of citizenship between State Farm and Defendant, and the amount in controversy, including the potential costs of defending and

indemnifying the Defendant Rapid Weight Loss, exceeds $75,000.00. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5.    Venue is appropriate under 28 U.S.C. § 1391 because the substantial part of the events giving rise to this request for insurance coverage occurred in this district.

6.    This is an insurance coverage action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57 to determine whether State Farm has a duty to defend or indemnify Defendant Rapid Weight Loss for all claims related to and arising out of the actions alleged in the underlying lawsuit entitled *Novo Nordisk A/S and Novo Nordisk, Inc. v. Rapid Weight Loss and Esthetics Center, Inc.*, C.A. No. 4:25-cv-00446 ("the Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached as **Exhibit A**, and the allegations of the complaint are incorporated as if fully stated herein.

## FACTUAL BACKGROUND

### A. Underlying Lawsuit

7.    Novo Nordisk A/S and Novo Nordisk, Inc. (hereinafter known collectively as "Novo"), filed the Underlying Lawsuit against Rapid Weight Loss alleging improper and deceptive marketing by Rapid Weight Loss related to Novo's three prescription-only medicines approved by the Food and Drug Administration ("FDA"), and containing semaglutide.

8.    Per the allegations of the Complaint in the Underlying Lawsuit, Rapid Weight Loss markets and sells to patients compound drug products that purport to contain semaglutide and falsely and misleadingly represent to patients that its products are FDA-approved or are the same equivalent to Novo's FDA approved medicines.

9. Novo alleged in the Underlying Lawsuit that they have never sold these drugs to Rapid Weight Loss, and that Rapid Weight Loss sells compounded drugs, sold by compounding pharmacies, that are not approved by the FDA and pose risks to patients.

10. Novo further alleged in its Complaint in the Underlying Lawsuit that Rapid Weight Loss's false or misleading statements regarding its unapproved drug are likely to confuse and deceive patients into mistakenly believing they are purchasing authentic Novo medicines that have been evaluated by the FDA, studied in clinical trials, and deemed safe and effective for use.

11. The Underlying Lawsuit contains causes of action for Unfair Competition and False Advertising and Promotion in violation of 15 U.S.C. 1125(a)(1)(B) ("the Lanham Act") and Deceptive and Unfair Trade Practices in violation of S.C. Unfair Trade Practices Act, S.C. Code 39-5-20 et seq.

12. State Farm is currently defending Rapid Weight Loss in connection with the Underlying Lawsuit under a full reservation of rights.

**B. The Policy**

13. State Farm issued a businessowners policy number 99-BK-R037-3 to Kevin Sattele MD, d/b/a Rapid Weight Loss for the April 8, 2024 to April 8, 2025 policy period ("the Policy"). A true and correct copy of the Policy is attached as **Exhibit B**, and the terms of the Policy are incorporated as if fully stated herein.

14. The business liability limits under Coverage L are $1,000,000, and other potentially applicable limits of insurance are $2,000,000 (general aggregate limit) and $2,000.000 (products/completed operations aggregate limit).

15. The Policy provides, in relevant part, as follows:

**SECTION II – DEFINITIONS**

1.  "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a.  Notices that are published include material placed on the Internet or on similar electronic means of communication; and
    b.  Regarding websites, only that part of a website that is about your goods, products, or services for the purposes of attracting customers or supporters is considered an advertisement.

\*\*\*

17. "Occurrence" means:

    **a.**  An accident, including continuous or repeated exposure to substantially the same general harmful conditions; and

    **b.**  "Property damage" or "bodily injury" resulting from faulty workmanship, exclusive of the faulty workmanship itself.

18. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.  False arrest, detention or imprisonment;
    b.  Malicious prosecution;
    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f.  The use of another's advertising idea in your "advertisement"; or
    g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement";

\* \* \*

21. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

## SECTION II – LIABILITY

**Coverage L – Business Liability**

1. When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:

    **a.** The amount we will pay for damages is limited as described in **SECTION II — LIMITS OF INSURANCE**; and

    **b.** Our right and duty to defend end when we have used up the applicable Limit Of Insurance in the payment of judgments or settlements or medical expenses.

\*\*\*

2. This insurance applies:

    a. To "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

        (3) Prior to the policy period, no insured listed under Paragraph **1.a.** of **SECTION II — WHO IS AN INSURED** and no

"employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

b. To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

16. The Policy also includes a Personal and Advertising Injury exclusion, which provides in pertinent part:

**Personal and Advertising Injury**

a. Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";
b. Arising out of oral or written publication of material, in any manner, if done by or at the direction of the insured with knowledge of its falsity;
c. Arising out of oral or written publication of material, in any manner, whose first publication took place before the beginning of the policy period;[1]
d. For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;
e. Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement"'
f. Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement;"
g. Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";
h. Committed by an insured whose business is:
   i. Advertising, broadcasting, publishing or tele-casting;
   ii. Designing or determining content of web-sites for others; or
   iii. An Internet search, access, content or service provider.

---

[1] 17.b. and 17.c of exclusion 17 are shown as modified by Endorsement CMP4561.4.

      i. Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time;
      j. With respect to any loss, cost or expense arising out of any:
          i. Request, demand, order, or statutory or regulatory requirement that any insured or others test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess the effects of, "pollutants"; or
          ii. Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of, "pollutants";
      k. Arising out of an electronic chatroom or bulletin board the insured hosts, owns or over which the insured exercises control;
      l. Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement",

of copyright, trade dress or slogan;

      m. Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers; or
      n. Arising out of a criminal act committed by or at the direction of the insured.

17.    The damages being sought in the Underlying Lawsuit are barred from coverage under the Policy Exclusion – Personal and Advertising Injury.

18.    Additionally, the Policy includes a Professional Services or Treatment exclusion, which provides in pertinent part:

**EXCLUSION – PROFESSIONAL SERVICES OR TREATMENT**

Under Coverage L, this insurance does not apply to:

**Professional Services Or Treatment**

7

"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service or treatment. This includes but is not limited to:
  a. Legal, accounting or advertising services;
  b. Preparing, approving, or failing to prepare or ap-prove maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications;
  c. Supervisory, inspection, architectural or engineering activities;
  d. Treatment, advice or instruction of any medical, surgical, dental, x-ray or nursing services;
  e. Treatment, advice or instruction of any health or therapeutic services;
  f. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;
  g. Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
  h. Body piercing services;
  i. Services in connection with the practice of pharmacy;
  j. Handling, embalming, disposal, burial, cremation or disinterment of dead bodies; and
  k. Veterinary services or treatments.

19. The damages being sought in the Underlying Lawsuit are barred from coverage under the Exclusion – Professional Services or Treatment.

20. State Farm is entitled to a judicial declaration that it owes no duty of defense or indemnification for Defendant Rapid Weight Loss regarding the claims against it in the Underlying Lawsuit.

**FOR A FIRST DECLARATION**
**(Exclusion – Personal and Advertising Injury)**

21. State Farm realleges and incorporates by reference all of the allegations set forth above.

22. Under the Exclusion – Personal and Advertising Injury, the insurance does not apply to personal and advertising injury arising out of numerous scenarios. These scenarios are specified above in the Policy, with relevant sections being (a), (b), (c), (f), (l), (m), and (n).

23. Novo alleged in the Underlying Lawsuit that Rapid Weight Loss made false and misleading representations to its patients regarding the nature of its unapproved compounded drugs, falsely advertised the drugs in making statements true to FDA approved drugs, but not to the unapproved compounded drugs, and falsely claimed or implied that its drugs were subjected to clinical studies attributable to FDA approved drugs, as well as, falsely claiming its drugs contained the same semaglutide that the FDA evaluated in approving Plaintiff's FDA-approved medicines.

24. Based on these allegations, Rapid Weight Loss knew of the falsity of the statements and began making the statements prior to the inception of the policy period, such that the Exclusion – Personal and Advertising Injury operates to bar coverage for this claim.

25. Accordingly, because there is no coverage under the Policy, no duty to defend or indemnify Rapid Weight Loss arises under the Policy, and State Farm is entitled to a declaration from this Court that it has no defense or indemnification obligations under the Policy in connection with the claims alleged in the Underlying Lawsuit because coverage is barred by this exclusion.

## FOR A SECOND DECLARATION
**(Exclusion - Professional Services Or Treatment)**

26. State Farm realleges and incorporates by reference all of the allegations set forth above.

27. The injuries and damages alleged by Novo in the Underlying Lawsuit arose out of Rapid Weight Loss's marketing and selling unapproved compounded drugs to patients, which

misleads customers into believing that is products are FDA approved or the same equivalent to Novo's FDA approved medicines, which are marketed for weight loss.

28. Because the allegations arise out of the rendering of professional services and treatment, the Exclusion – Professional Services or Treatment operates to exclude coverage for the claims alleged in the Underlying Lawsuit. The specific exclusions include: (d) treatment, advice or instruction of any medical, surgical or nursing services; (e) treatment, advice, or instruction of any health or therapeutic services; (f) any service, treatment, advice or instruction for the purpose of appearance or enhancement; or (i) services in connection to the practice of pharmacy.

29. Because there is no coverage under the Policy, no duty to defend or indemnify Defendant Rapid Weight Loss arises under the Policy, and State Farm is entitled to a declaration from this Court that it has no defense or indemnification obligations under the Policy in connection with the claims alleged in the Underlying Lawsuit because this coverage is barred.

WHEREFORE, a justiciable controversy exists between the parties in this action arising out of these claims. Therefore, State Farm prays that the Court enter judgment in its favor:

a. Declaring the Policy's Exclusion – Personal and Advertising Injury precludes coverage for the claims asserted in the Underlying Lawsuit; and

b. Declaring the Policy's Exclusion – Professional Services or Treatment precludes coverage for the claims asserted in the Underlying Lawsuit; and

c. Declaring that State Farm has no duty to defend or indemnify Rapid Weight Loss for the claims asserted against it in the Underlying Lawsuit.

State Farm prays that it be granted the relief set forth above, the costs of this action, and any such other and further relief as this Court shall deem just and proper.

[*Signature page follows*]

<u>s/Jessica W. Laffitte</u>
Jessica W. Laffitte, Fed. ID No. 11846
Sarah Kennedy, Fed. ID No. 14624
Gallivan, White & Boyd, P.A.
1201 Main Street, Suite 1200
Columbia, SC 29201
jlaffitte@gwblawfirm.com
skennedy@gwblawfirm.com

***Attorneys for Plaintiff***

January 13, 2026